# EXHIBIT C

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL WHITE, on Behalf of Himself and All Others Similarly Situated, Plaintiffs, v. MEMBERS 1st FEDERAL CREDIT UNION, Defendant. | **Case No. 1:19-cv-00556-JEJ** DECLARATION OF PETER SPERRY REGARDING IMPLEMENTATION OF NOTICE PROCEDURE |

## DECLARATION OF PETER SPERRY REGARDING IMPLEMENTATION OF NOTICE PROGRAM

I, PETER SPERRY, hereby declare and state as follows:

1.      I am a Project Manager in Client Services, employed by Epiq Class Action & Claims Solutions, Inc. ("Epiq"). I have five years of experience handling all aspects of settlement administrations. The statements of fact in this Declaration are based on my personal knowledge and information provided to me by my colleagues in the ordinary course of business, and if called on to do so, I could and would testify competently thereto.

2.      Epiq was appointed as the Settlement Administrator pursuant to the Court's Order Preliminarily Approving Class Settlement and Certifying Settlement Class (the "Order"), dated February 3, 2020, and in accordance with the Settlement Agreement and Release, filed January 31, 2020, (the "Settlement Agreement").[1] I submit this Declaration in order to advise the Parties and the Court regarding the implementation of the Court-approved Notice Program, in accordance with the Order and the Settlement Agreement.

---

[1] All capitalized terms not otherwise defined in this document shall have the same meanings ascribed to them in the Settlement Agreement.

3.      Epiq was established in 1968 as a client services and data processing company. Epiq has administered bankruptcies since 1985 and settlements since 1993. Epiq has routinely developed and executed notice programs and administrations in a wide variety of mass action contexts including settlements of consumer, antitrust, products liability, and labor and employment class actions, settlements of mass tort litigation, Securities and Exchange Commission enforcement actions, Federal Trade Commission disgorgement actions, insurance disputes, bankruptcies, and other major litigation. Epiq has administered more than 4,500 settlements, including some of the largest and most complex cases ever settled. Epiq's class action case administration services include administering notice requirements, designing direct-mail notices, implementing notice fulfillment services, coordinating with the United States Postal Service ("USPS"), developing and maintaining notice websites and dedicated telephone numbers with recorded information and/or live operators, processing exclusion requests, objections, claim forms and correspondence, maintaining class member databases, adjudicating claims, managing settlement funds, and calculating claim payments and distributions. As an experienced neutral third-party administrator working with settling parties, courts, and mass action participants, Epiq has handled hundreds of millions of notices, disseminated hundreds of millions of emails, handled millions of phone calls, processed tens of millions of claims, and distributed hundreds of billions in payments.

**OVERVIEW OF CLASS NOTICE PLAN**

4.      Pursuant to the Settlement Agreement and Order, Epiq was appointed to provide, and did provide, the following administrative services for the benefit of Class Members, as they are defined in the Settlement Agreement:

- As appropriate, send an email containing the Notice to all Class Members with a valid email address followed by mailing a Notice to all Class Members who did not successfully receive the email ("Eblast Notice") or who did not have a valid email address;

- Establish and maintain an official Settlement website containing information about the Settlement;

- Establish and maintain an official toll-free number that Class Members may contact for additional information about the Settlement;

- Review and process opt-outs sent to or received by Epiq;

- Review and track objections sent to or received by Epiq; and

- Receive, process, track, and handle any Class Member correspondence received.

## DATA TRANSFER

5. On April 28, 2020, Counsel for Defendant provided Epiq one electronic file containing eligible Class Members' information. The file contained 9,883 Class Member records ("Class Data") with combined overdraft fee charges of $1,883,152.

6. On May 1, 2020, Counsel for Defendant provided Epiq an updated electronic file containing the list of eligible Class Members' with the addition of city data for eligible Class Members. The updated file also contained 9,883 Class Member records.

7. Epiq loaded the information provided by the Counsel for Defendant into a secure database created for the purpose of administration of the Settlement. Epiq assigned unique identifiers to all the records it received in order to maintain the ability to track them throughout the Settlement's administration process. During the data review, Epiq combined duplicate Class Member entries that had exact matching names and addresses, resulting in a Class Member population of 9,743 records and combined overdraft fee charges of $1,883,152.

## DISSEMINATION OF THE INDIVIDUAL CLASS NOTICE

8. In preparation for the Notice mailing, Epiq established a dedicated Post Office Box that allows Class Members to contact the Settlement Administrator or submit requests for exclusion by mail. Epiq has and will continue to maintain the Post Office Box throughout the administration process.

9. Additionally, prior to commencing any mailings for this matter and pursuant to Section 6(b) of the Settlement Agreement, Epiq conducted an address search through the United States Postal Service's National Change of Address database ("NCOA"). As a result of the search,

2,744 Class Members' addresses were returned with updates and Epiq updated affected records in the Settlement database.

10.     Prior to commencing the Eblast Notice, Epiq established a dedicated Email Address, noreply@WhiteLitigation.com. Epiq has and will continue to maintain the Email Address throughout the administration process.

11.     Pursuant to Section 6(a) of the Settlement Agreement, on May 22, 2020, the Eblast Notice was sent to 9,494 identified Class Members that had associated email addresses in the data provided to Epiq. Attached hereto as **Exhibit A** is a copy of the Eblast Notice that was disseminated by email to identified Class Members.

12.     Pursuant to Section 6(a) of the Settlement Agreement, on May 22, 2020, Epiq sent by First-Class mail 282 Notices to Class Members records where a valid email was not provided in the Class Data. Attached hereto as **Exhibit B** is the mailed Notice that Epiq disseminated by First-Class Mail to identified Class Members ("Mailed Notice").

13.     On May 28, 2020, Epiq determined that 895 Class Members did not receive the Eblast Notice that was issued to the email on record. On June 5, 2020, Epiq mailed 878 Mailed Notices to the Class Members where a valid mailing address existed via the United States Postal Service.

14.     As a result of the initial mailing process, 71 Mailed Notices were retuned by the United States Postal Service as undeliverable and did not include a forwarding address. Pursuant to Section 6(b) of the Settlement Agreement and Section 16 of the Order, Epiq ran standard skip trace searches for Class Members' whose Mailed Notice had been returned undeliverable. The skip trace process resulted in updated address for 35 Class Members. All updated records were remailed.

15.     Epiq has received 33 Class Members' Mailed Notices that included forwarding address information. Pursuant to Section 6.(b) of the Settlement Agreement, these records were promptly updated and re-mailed to the updated address.

///

## SETTLEMENT WEBSITE

16.     Pursuant to Paragraph 19 of the Order, Epiq created and launched the Settlement Website, www.WhiteLitigation.com, on May 21, 2020.  Class Members can visit the website to obtain information about the Settlement, as well as important documents, including the Mailed Notice, Long-Form Notice, Settlement Agreement, and Preliminary Approval Order. The Settlement Website also contains a summary of options available to Class Members, deadlines to act, and provides answers to frequently asked questions. References to the Settlement website were also prominently displayed in both the Eblast Notice and Mailed Notice. As of September 4, 2020, the Settlement Website has received 692 page hits and 443 visits.

## TOLL-FREE INFORMATION LINE

17.     On May 21, 2020, Epiq established and continues to maintain a toll-free interactive Voice Response phone number ("IVR"), 1-866-977-0814, to provide information and accommodate inquiries from Class Members. Callers hear an introductory message and are then provided with scripted information about the Settlement in the form of recorded answers to frequently asked questions. Callers also have the option of requesting a Long-Form Notice by mail. The toll-free number was included in the Notice sent to Class Members as well as on the Settlement Website. The automated telephone system is available 24 hours per day, 7 days per week. As of September 4, 2020, the IVR has logged 52 total calls with 161 minutes of usage.

## REQUESTS FOR EXCLUSION AND OBJECTIONS

18.     Pursuant to Section 12 of the Settlement Agreement, Class Members who wished to be excluded from the Class and Settlement were required to submit to Epiq a written statement requesting exclusion from the Class and Settlement, postmarked on or before June 26, 2020. As of September 10, 2020, Epiq is not aware of and has not received any requests for exclusion from the Class and Settlement.

19.     Pursuant to Section 13 of the Settlement Agreement, Class Members who wished to object to the Settlement were required to submit written objections to the Clerk of the Court, Class Counsel, and Defense Counsel, such that they are received on or before the objection

deadline of June 26, 2020. As of September 10, 2020, Epiq is not aware of and has not received any written objections to the Settlement.

       I declare under penalty of perjury under the laws of the United States and the State of Pennsylvania that the foregoing is true and correct.  This Declaration was executed on September 10, 2020, in Seattle, Washington.


Peter Sperry
Project Manager, Client Services
Epiq Class Action & Claims Solutions, Inc. ("Epiq")

Exhibit A

# If You Paid Overdraft Fees to Members 1st Federal Credit Union, You May Be Eligible for a Payment from a Class Action Lawsuit.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

A $910,000 Settlement has been reached in a class action about APPSN fees ("Overdraft Fees") charged on certain Point of Sale debit card transactions by Members 1st Federal Credit Union ("Members") where there was a sufficient available balance at the time the transaction was authorized, but an insufficient available balance at the time the transaction was presented to Members for payment and posted to a member's account. Members maintains that there was nothing wrong with the transaction processing practices it used and that it complied, at all times, with applicable laws and regulations and the terms of the account agreements with its members.

**Who's Included? You Received This Email Because Members 1st Federal Credit Union's Records Indicate You May Be a Settlement Class Member.** The Settlement Class includes former Members' members who were charged qualifying Overdraft Fees between March 29, 2015 and January 14, 2019, and who had closed their accounts prior to January 14, 2019. Excluded from the Settlement Class is Members 1st Federal Credit Union, its parents, subsidiaries, affiliates, officers and directors, all Settlement Class members who make a timely election to be excluded, and all judges assigned to this litigation, and their immediate family members.

**What Are the Settlement Terms?** Members has agreed to establish a Settlement Fund of $910,000 from which Settlement Class members will receive payments. If the Court approves the Settlement, each Settlement Class member will automatically receive a payment by check for his or her *pro rata* portion of the Settlement Fund based on the number of qualifying Overdraft Fees they paid during the period covered by the Settlement. Members also implemented the 2019.00 Service Pack 6 Release issued by Symitar, a portion of which is designed to prevent an overdraft fee on transactions approved on a positive available balance. Additionally, Members has agreed not to pursue any Settlement Class member for any balance due and remaining unpaid at the time of the closing of the Settlement Class member's account, other than for negative balances that resulted from a Settlement Class members' loan, credit card, or fraud. Members calculates the amount forgiven pursuant to this paragraph to be approximately $170,000. The amounts forgiven pursuant to this paragraph shall cease to be reported as owed to Members in any

credit reporting service, including Chexsystems, as of the Effective Date of the Settlement Agreement.

**Tax Implications.** The Settlement has potential tax implications for you. To the extent you receive a payment in excess of $600 from the Settlement Fund for qualifying Overdraft Fees, you will receive a Form 1099 from the Settlement Administrator for the amount received. To the extent you are entitled to forgiveness of any balance due and remaining unpaid at the time of the closing of your account and the dollar amount forgiven is in excess of $600, you will receive a Form 1099-C from the Settlement Administrator for the amount received. Receipt of a Form 1099 and/or a Form 1099-C from the Settlement Administrator could result in your having to declare income in the amount received on your next tax return and pay tax on all or some of that amount. You should consult your tax advisor on the impact of the Settlement on you individually.

**Your Rights May Be Affected.** If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement Class by **June 26, 2020**. If you do not timely exclude yourself, you will release your Overdraft Fee-related claims against Members, and you will not be able to sue Members for any claim relating to the lawsuit. If you stay in the Settlement Class, you may object to the Settlement in writing by **June 26, 2020**. The Detailed Notice available on the Settlement website, www.WhiteLitigation.com, explains how to exclude yourself from or object to the Settlement. The Court will hold a hearing on **October 28, 2020**, to consider whether to approve the Settlement and Class Counsels' request for attorneys' fees of up to 33⅓% of the value of this Settlement to the Class Members, plus reimbursement of reasonable litigation costs and the Class Representative's Service Award. You may appear at the hearing, but you are not required to attend. To speak at the hearing, you must first object to the Settlement in writing, pursuant to the instructions in the Settlement Agreement. You may also hire your own attorney, at your own expense, to appear or speak for you at the hearing. For more information, call 1-866-977-0814 or visit www.WhiteLitigation.com. Do not contact the Defendant or the Court.

*Please note: This email message was sent from a notification-only address that cannot accept incoming email. Please do not reply to this message.*

If you would prefer not to receive further messages from this sender, please Click Here and confirm your request.

Exhibit B

Members 1st Overdraft Settlement
P.O. Box 6389
Portland, OR 97228-6389

**BARCODE**
**NO-PRINT**
**ZONE**

FIRST-CLASS MAIL
U.S. POSTAGE
PAID
Portland, OR
PERMIT NO. 2882

Legal Notice about a Class Action Settlement

<<MAIL ID>>
<<NAME 1>>
<<NAME 2>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<ADDRESS LINE 3>>
<<ADDRESS LINE 4>>
<<ADDRESS LINE 5>>
<<CITY, STATE ZIP>>
<<COUNTRY>>

# Barcode No-Print Zone

**If You Paid Overdraft Fees to Members 1st Federal Credit Union, You May Be Eligible for a Payment from a Class Action Settlement.**

A $910,000 Settlement has been reached in a class action lawsuit about APPSN fees ("Overdraft Fees") charged on certain Point of Sale debit card transactions by Members 1st Federal Credit Union ("Members") where there was a sufficient available balance at the time the transaction was authorized, but an insufficient available balance at the time the transaction was presented to Members for payment and posted to a member's account. Members denies the allegations in the case and deny that they engaged in any wrongdoing.

**Who's Included?** The Settlement Class includes former Members' members who were charged qualifying Overdraft Fees between March 29, 2015 and January 14, 2019, and who had closed their accounts prior to January 14, 2019. Excluded from the Settlement Class is Members 1st Federal Credit Union, its parents, subsidiaries, affiliates, officers and directors, all Settlement Class members who make a timely election to be excluded, and all judges assigned to this litigation and their immediate family members.

**What Are the Settlement Terms?** Members has agreed to establish a Settlement Fund of $910,000 from which Settlement Class members will receive payments. If the Court approves the Settlement, each Settlement Class member will automatically receive a payment by check for his or her pro rata portion of the Settlement Fund based on the number of qualifying Overdraft Fees they paid during the period covered by the Settlement.

**Your Rights May Be Affected.** If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement Class by **June 26, 2020.** If you do not timely exclude yourself, you will release your Overdraft Fees related claims against Members, and you will not be able to sue Members for any claim relating to the lawsuit. If you stay in the Settlement Class, you may object to the Settlement in writing by **June 26, 2020**. The Notice, available at the website below, explains how to exclude yourself from or object to the Settlement. The Court will hold a hearing on **October 28, 2020**, to consider whether to approve the Settlement and Class Counsel's request for attorneys' fees of up to 33-1/3% of the value of the Settlement, plus expenses and the Class Representative's service award. You may appear at the hearing, but you are not required to attend. To speak at the hearing, you must first object to the Settlement in writing pursuant to the instructions in the Settlement Agreement. You may also hire your own attorney, at your own expense, to appear or speak for you at the hearing.

**Questions?** If you have questions about this Settlement, please visit the settlement website at www.WhiteLitigation.com or call the toll-free number, 1-866-977-0814. Do not contact the Defendant or the Court.

AA3722 v.01