# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

---

**MICHAEL WHITE, on Behalf of Himself**
**and All Others Similarly Situated,**

**Plaintiff,**
**v.**

**MEMBERS 1ˢᵀ FEDERAL CREDIT**
**UNION,**

**Defendant.**

**Case No. 1:19-cv-00556-JEJ**

---

**[PROPOSED] ORDER APPROVING CLASS SETTLEMENT**

On September 11, 2020, Plaintiff and Class Counsel filed their Unopposed Motion for Final approval of Class Settlement, and application for Attorneys' Fees and Expenses and Service Awards, seeking final approval of the settlement with Members 1st Federal Credit Union ("Members 1st").  This matter came before the Court on October 28, 2020 for a final Approval Hearing pursuant ti the Court' Preliminary Approval Order of February 3, 2020 (Dkt. 42). The Court has reviewed all of the filings related to the settlement and heard argument on the Motion for Final Approval.

1

After full consideration of the Motion for Final Approval and the related filings, The Court concludes that the Settlement is fair, adequate, and reasonable, and an acceptable compromise of the claims filed for the benefit of the class Members.  The settlement complies with Fed. R. Civ. P. 23(e).

The Court, hereby **ORDERS**:

1.     Except as specifically modified by the Final Approval Order, all capitalized terms used herein shall have the meaning set forth in the Settlement Agreement and Release between the Parties (the "Settlement Agreement").

2.     This Court has personal jurisdiction over all of the Class Members because they received the best practicable notice of the Settlement, which notice was reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the Action and the terms of the Settlement, and to afford them an opportunity to present their objections or to request exclusion from the Settlement.  The Court also has jurisdiction over Plaintiff Michael White, and over Defendant Members 1st Federal Credit Union ("Members 1st").  The Court has subject matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1331, 1332(d)(2) and (6).

3.     The Court has previously certified a Class for settlement purposes defined as:

2

**Former members of Members 1st who were charged APPSN Fees between March 29, 2015 and January 14, 2019, and who had closed their accounts prior to January 14, 2019.**

The Court has previously appointed Kaliel PLLC, Greg Coleman Law PC, and Golomb & Honik, P.C. as Class Counsel, Dkt. 42.

4.     This Court hereby approves the Settlement and finds that the Settlement is, in all respects, fair, adequate, and reasonable, in compliance with app applicable requirements of Fed. R. Civ. P 23 and the United States Constitution.  The Court finds that the class representative and class counsel have adequately represented the class; that the settlement was negotiated at arm's length; that the relief provided for the class is adequate, taking into account the costs, risks, and delay of trial and appeal, the effectiveness of the proposed method of distributing relief to the class, and the terms of the proposed award of attorney's fees, including timing of payment; and the proposal treats class members equitably relative to each other.

5.     No objections have been filed to the Proposed Settlement, and no Class Members have opted out of the Settlement.

6.     The notice program, consisting of Email notices, postcard notices, website containing the Long Form notice, and toll-free telephone number, was the best notice practicable under the circumstances.  The notice program provided due

and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, including the requirement of due process.

7.      Members of the Class who ae entitled to a payment shall receive their payment in the form of a check.  In accordance with the procedures set firth in the Settlement Agreement, within 10 days of the Effective Date, the Settlement Administrator shall distribute the Net Settlement Fund to Class members.  Each Class member shall receive a distribution in the amount of a *pro rata* share of the Net Settlement Fund.

8.      Pursuant to ¶ 3 of the Settlement Agreement, as of the Effective Date, Members 1st shall not pursue and Class member for any balance due and remaining unpaid at the time of the closing of the Class Member's account, other than for negative balances that resulted form a Members' loan, a credit card, or from fraud.  Members 1st shall cease to report amounts forgiven pursuant to the Settlement Agreement as owed to Members 1st in any credit reporting service, including Chexsystems, as of the Effective Date.

9.      The Action is hereby dismissed with prejudice, each side to bear its own fees and costs, except as otherwise provided in the Final Approval Order.

10.    Upon the effective date of the Settlement, Plaintiff and each class member releases, waives, and forever discharges Defendant and each of its present, former, and future parents, predecessors, successors, assigns, assignees, affiliates, conservators, divisions, departments, subdivisions, owners, partners, principals, trustees, creditors, shareholders, joint ventures, co-venturers, officers, and directors (whether acting in such capacity or individually), attorneys, vendors, accountants, nominees, agents (alleged, apparent, or actual), representatives, employees, managers, administrators, and each person or entity acting or purporting to act for them or on their behalf, including, but not limited to, Members 1st and all of its subsidiaries and affiliates (collectively, "Members 1st Releasees") from any and all claims they have or may have against the members 1st Releasees with respect to any claim or issue which was or could have been brought relating to the above-referenced fee practices against the Defendant Releasees in the Action, in all cases including any and all claims for damages, injunctive relief, interest, attorney fees, and litigation expenses (the "Released Claims").

11.    The Parties to the Settlement submit to, and this Court expressly reserves and retains, exclusive jurisdiction over the Action and the Parties, and all Settlement Class Members, to administer, implement, supervise, construe, enforce and perform the Settlement in accordance with its terms, and to enforce the Final Approval Order.  Without limiting the foregoing, and by way of example only, the

Court retains jurisdiction to: (i) address, determine and approve the distribution of residual funds, if any, provided for in paragraph 11 of the Settlement; and (ii) adjudicate any suit, action, proceeding or dispute arising out of the Settlement. The Court shall also retain jurisdiction over all questions and disputes related to the Settlement Administrator.

12.    Nothing in the Settlement, the Final Approval Order, or this Judgment shall be deemed to be an admission, or to constitute an adjudication by the Court, of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by Members 1st or any party of any fault, liability or wrongdoing of any kind whatsoever or of any violation of statute, regulation or law.   Members 1st does not consent to the use of the Settlement, the Final Approval Order or this Judgment by any party in any other proceeding.

DONE AND ORDERED in Chambers this ___ day of _____, 2020.

_____
**JACK E. JONES III**
**UNITED STATES DISTRICT JUDGE**