UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL WHITE, on Behalf of Himself and All Others Similarly Situated,**<br><br>**Plaintiff,**<br>v.<br><br>**MEMBERS 1ST FEDERAL CREDIT UNION,**<br><br>**Defendant.** | **Case No. 1:19-cv-00556-JEJ** |

## FINAL ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD FOR CLASS REPRESENTATIVE MICHAEL WHITE

### October 28, 2020

On September 14, 2020, Plaintiff and Class Counsel filed their Motion for Final Approval of Application for Attorneys' Fees and Expenses and Service Award. (Doc. 44). This matter came before the Court on October 28, 2020, for a final Approval Hearing pursuant to the Court' Preliminary Approval Order of February 3, 2020 (Doc. 42). In addition, the Court has thoroughly reviewed all of the filings related to the application for fees and expenses..

1

After full consideration of the Motion and the related filings, the Court concludes that the Application for fees, expenses, and Service Award should be granted.

The Court hereby **ORDERS**:

1. Except as specifically modified by the Final Approval Order, all capitalized terms used herein shall have the meaning set forth in the Settlement Agreement and Release between the Parties (the "Settlement Agreement"). (Dkt. 41-1).

2. The Court has previously certified a Class for settlement purposes defined as:

> **Former members of Members 1st who were charged APPSN Fees between March 29, 2015 and January 14, 2019, and who had closed their accounts prior to January 14, 2019.**

The Court has previously appointed Kaliel PLLC, Greg Coleman Law PC, and Golomb & Honik, P.C. as Class Counsel, Dkt. 42.

3. No objections have been filed to the Application for Attorneys' Fees and Expenses and for service Award, and no Class Members have opted out of the Settlement.

*4.* While there is no general rule, the Third Circuit has observed that attorneys' fee awards generally range from 19% to 45% of the settlement fund. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.,* 55 F.3d 768, 822 (3d Cir. 1995). Class Counsel's request for attorneys' fees equivalent to 33% of the Settlement Fund is granted as being both appropriate and reasonable under the factors set forth in *Gunter v. Ridgewood Energy Corp.,* 223 F.3d 190, 195 (3d Cir. 2000).[2]

5. The Settlement establishes a common fund of $910,000 and debt forgiveness of approximately $170,000. Under the Settlement, Plaintiffs and the Settlement Class will recover approximately fifty-seven percent (57%) of their most probable damages. The business practice changes required by the Settlement Agreement also provide substantial value to Class Members and other Members 1st account holders, the precise amount of which cannot be quantified. As the Action has resulted in substantial benefits to Settlement Class Members, this factor weighs heavily in favor of the requested fee award.

6. Litigation of this Action required counsel highly trained in class action law and procedure as well as the specialized issues presented here. Class Counsel possess these attributes, and their participation added immense value to the representation of this large Settlement Class. The record demonstrates that the Action involved a broad range of complex[1] and novel challenges that Class Counsel met at every juncture. In addition, Class Counsel is highly experienced in this particular area of bank fee litigation, having litigated and settled many Overdraft Fee class actions in state and federal courts throughout the country. Further, considering the potential for this Action to turn into multi-year litigation (as has happened in several other Overdraft Fee class actions), Class Counsel's ability to negotiate the instant Settlement at the early stages of this litigation demonstrates their high level of skill and efficiency.

7. The claims and defenses are complex and litigating them is both difficult and time consuming. Although this Action settled after just six months after litigation commenced, recovery by any means other than settlement would likely have required additional years of litigation. In fact, many Overdraft Fee class actions were litigated for years prior to reaching a settlement. Others have already

---

[1] The Third Circuit's factors for evaluating the reasonable percentage to award class-action counsel in a common fund case are: (1) the size of the fund created and the number of beneficiaries, (2) the presence or absence of substantial objections by Class Members to the settlement terms and/or fees requested by counsel, (3) the skill and efficiency of the attorneys involved, (4) the complexity and duration of the litigation, (5) the risk of nonpayment, (6) the amount of time devoted to the case by plaintiffs' counsel, (7) the awards in similar cases, and (8) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained.

been tried or are at a posture where they are close to being tried.

8. In undertaking to prosecute this complex case entirely on a contingent fee basis, Class Counsel assumed a significant risk of nonpayment or underpayment. That risk warrants an appropriate fee.

9. Class Counsel spent years developing the theories underlying the claims in the instant Action through their efforts in litigating (with both success and failure) many other Overdraft Fee cases. These efforts accrued to the benefit of Plaintiffs and the Settlement Class. Class Counsel also spent significant time investigating the claims of several potential plaintiffs against Members 1st, researching and developing the legal claims at issue, preparing for mediation, analyzing data, and negotiating the specific terms of the Settlement. In addition, Class Counsel engaged in an extensive settlement-related investigation and confirmatory discovery, to determine—among other things—an appropriate plan for allocation of the Settlement Fund.

10. Finally, an award of 33% of the Settlement Fund is consistent with similar settlements throughout the Third Circuit and other fee awards in Overdraft Fee class action settlements that have been finally approved throughout the country. *Martin v. Foster Wheeler Energy Corp.,* No. 3:06-CV-0878, at *5, 2008 WL 906472 (M.D. Pa. March 31, 2008).

11. To assess whether the percentage-of-recovery method produces a reasonable fee, the Third Circuit recommends crosschecking the fee amount under the percentage-of-recovery method against the lodestar method, "the lodestar cross-check does not trump the primary reliance on the percentage of the common fund method." *In re Rite Aid Corp. Sec Litig.*, 396 396 F.3d 294, 307 (3d Cir. 2005). In the Third Circuit, courts look to fee awards in similar cases to determine the reasonableness of a fee. *Gunter,* 223 F.3d at 198. The Third Circuit has recognized that multipliers "ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied." *In re Cendant Corp. PRIDES Litig.,* 243 F.3d 722, 742 (3d Cir. 2001). Further, the Court finds that class counsel in similar Overdraft Fee cases have been awarded fees with multipliers typically ranging between three and nine.

12. Plaintiff avers that the collective lodestar for Class Counsel is $347,600 based upon 546.1 hours worked multiplied by a blended rate of $636 per hour. Accordingly, an award of 33% of the settlement value or $360,000 results in a multiplier here of 1.04. Members 1st has not objected to these numbers, and given the nature, complexity, and potential duration of this Action, as detailed above, the risk of non-recovery, the value of the social benefit, and the extraordinary results in light of the obstacles, the Court finds that the multiplier is appropriate and reasonable.

13. Therefore, Class Counsel is hereby awarded $360,000 in attorneys' fees, which is 33% of the $1,080,000 value of the settlement.

14. Further, the Court finds that Class Counsel's request for reimbursement of $46,517 in expenses to be reasonable and that the expenses were necessarily incurred in furtherance of the Action. In so doing, we note that there are no opposition from Members 1st to these expenses. The attorneys' fee and expense amounts approved herein shall be paid to Class Counsel from the Settlement Fund within 10 days of the Effective Date.

15. The Court finds that Class Counsel's request for Service Awards to be paid to Plaintiff Michael White, is appropriate, and the amount of $5,000.00 requested, is reasonable here.  Michael White shall be paid a Service Award of $5,000.00 from the Settlement Fund, with payment to be made within 10 days of the Effective Date.

s/John E. Jones III
**JOHN E. JONES III, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**